## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHARON LINCOLN-ODUMU<br>7811 Brookview Court,<br>Manassas, VA 20109<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MEDICAL FACULTY ASSOCIATES, INC.<br>2150 Pennsylvania Ave., NW<br>Washington, DC 20037<br><br>　　　　　Defendant. | )<br>)<br>)<br>)　Civil Action No. 15-1306<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Sharon Lincoln-Odumu ("Plaintiff" or "Ms. Lincoln-Odumu") through her attorneys, Denise M. Clark, Jeremy Greenberg, and Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Medical Faculty Associates, Inc.'s unlawful violations of the D.C. Minimum Wage Revision Act, as amended, and the Fair Labor Standards Act ("FLSA") through its failure to pay Ms. Lincoln-Odumu for all of her overtime hours that she worked as required by law.

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. Pursuant to 29 U.S.C § 255(a), this Court has subject matter jurisdiction over this civil action because this action is being brought within the two year statute of limitations period set out in the Fair Labor Standards Act.

4. Pursuant to 29 U.S.C § 255(a), this Court has subject matter jurisdiction over this civil action because this action is being brought within the three year statute of limitations period set out in the Fair Labor Standards Act for willful violations.

5. Pursuant to the 28 U.S.C § 1367, the Court has supplemental jurisdiction over Defendant's violations of the D.C. Minimum Wage Revision Act because the violations arise under the same case or controversy as the Court's subject matter jurisdiction.

6. Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

7. Venue is appropriate pursuant to 28 U.S.C. § 1391 because Defendant resides in the District of Columbia and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia.

## PARTIES

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. Plaintiff is a current employee of Defendant and a resident of Prince William County, Virginia.

10. Defendant is a non-profit corporation with a principal place of business in the District of Columbia.

## FACTS

11. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

12. Defendant is an "employer" as defined by D.C. Code 32-1002(3).

13. Ms. Lincoln-Odumu is an "employee" as defined by D.C. Code 32-1002(2).

14. Ms. Lincoln-Odumu began working for Defendant at the George Washington University Hospital in 1993 as a critical care monitoring technician.

15. In or about 2000, Ms. Lincoln-Odumu began her position with Defendant as a polysomnographic technologist.

16. Ms. Lincoln-Odumu's position included reviewing results from patient's sleep studies that were conducted at the George Washington University Hospital.

17. Through her employment at the George Washington University Hospital, Ms. Lincoln-Odumu would record when she began and ended her work for Defendant on a daily basis.

18. Ms. Lincoln-Odumu's duties do not involve non-manual work direct related to the management of Defendant's policies or general business operations.

19. Ms. Lincoln-Odumu's duties do not involve the exercise of discretion or independent judgment.

20. Ms. Lincoln-Odumu's duties are routine in nature.

21. Ms. Lincoln-Odumu's highest level of completed education is a high school diploma.

### Defendant Orders Ms. Lincoln-Odumu to Falsely Report Her Work Hours

22. In 2009, the Defendant moved its location for conducting sleep studies to its Center for Sleep Disorders to 2021 K Street, NW, Washington, DC 20037 ("K Street Location").

23. On or about November 23, 2009, Plaintiff received a memorialization of her position as a Sleep Technician II based out of the K Street Location.

24. The memorialization stated that Plaintiff was a non-exempt employee and eligible for overtime.

25. After November 23, 2009, Ms. Lincoln-Odumu submitted her timesheets to her supervisor Shawn Kimbro ("Mr. Kimbro").

26. Mr. Kimbro's reviewed Ms. Lincoln-Odumu's timesheets, gave Ms. Lincoln-Odumu instructions, and evaluated Ms. Lincoln-Odumu's performance from the K Street Location.

27. Mr. Kimbro ordered Ms. Lincoln-Odumu to inaccurately record the number of hours that she worked based on the number of sleep studies she reviewed in a day.

28. Mr. Kimbro ordered Ms. Lincoln-Odumu to record one and one half hours for completing one sleep study; three hours for completing two studies; six hours for completing three studies; eight hours for completing six studies; and ten hours for completing eight studies (collectively, "Defendant's Calculation Method").

29. The amount of time to complete a review of one sleep study varies, but can take over two hours.

30. Mr. Kimbro did not instruct Ms. Lincoln-Odumu to record the actual amount of time she worked for Defendant.

31. Defendant's Calculation Method did not accurately reflect the number of hours she worked.

**Defendant Orders Ms. Lincoln-Odumu to Limit Her Number of Reported Work Hours**

1. By October 2012, Ms. Lincoln-Odumu's pay rate was $31.03 per hour and has remained at that rate through present day.

2. In or about October 2012, Mr. Kimbro ordered Ms. Lincoln-Odumu to falsely report the number hours she worked under Defendant's Calculation Method on her time sheet.

3. Mr. Kimbro instructed Ms. Lincoln-Odumu to limit the amount of hours she reported under Defendant's Calculation Method to eighty (80) hours per two week period.

4. Ms. Lincoln-Odumu's workload remained the same and was instructed to complete all sleep study reviews as they were assigned, even if she worked in excess of eighty hours under Defendant's Calculation Method per two week period.

5. Based on Defendant's instructions to complete her assigned sleep studies, Ms. Lincoln-Odumu worked in excess of eighty hours under Defendant's Calculation Method per two week period without recording the actual number of hours she worked under Defendant's Calculation Method.

6. In or about December 2013, Mr. Kimbro ordered Ms. Lincoln-Odumu to only report a maximum of eight-eight (88) total hours under Defendant's Calculation Method in a two week period.

7. Mr. Kimbro ordered Ms. Lincoln-Odumu to only report a maximum of eight (8) total overtime hours under Defendant's Calculation Method in a two week period.

8. Mr. Kimbro ordered Ms. Lincoln-Odumu to record her true number of hours worked under Defendant's Calculation Method and that she would be paid for those hours eventually.

9. Mr. Kimbro did not ask for Ms. Lincoln-Odumu's true number of hours work under Defendant's Calculation Method and did not pay her for those hours.

**Defendant Orders Ms. Lincoln-Odumu to Further Falsely Report Her Work Hours**

10. In or about April 2015, Mr. Kimbro ordered Ms. Lincoln-Odumu to change the method of calculating her hours to report on her time sheet.

11. Mr. Kimbro ordered Ms. Lincoln-Odumu to record one hour for each sleep study reviewed.

12. Despite the change in calculation, Ms. Lincoln-Odumu's workload remained the same and the actual time to review a sleep study remained the same.

13. Mr. Kimbro's prior order limiting the number of hours Ms. Lincoln-Odumu could record on her time sheet remained in effect.

14. On May 27, 2015, Defendant provided a notice to Ms. Lincoln-Odumu pursuant to the DC Wage Theft Prevention Amendment Act.

15. Defendant's notice recognized that Ms. Lincoln-Odumu works in Washington, DC.

16. Defendant's notice affirmed that Ms. Lincoln-Odumu was a non-exempt employee.

17. Defendant's notice affirmed that Ms. Lincoln-Odumu's hourly rate was $31.03.

### COUNT I –DC MINIMUM WAGE VIOLATION: FAILURE TO PAY TIME WORKED

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. Defendant ordered Ms. Lincoln-Odumu to submit false her time keeping records.

20. Defendant ordered Ms. Lincoln-Odumu to record the number of hours Ms. Lincoln-Odumu worked based on the number of sleep studies she reviewed, i.e. Defendant's Calculation Method.

21. Defendant did not record the accurate amount of time Ms. Lincoln-Odumu actually worked.

22. Due to Defendant's lack of accurate timekeeping, Ms. Lincoln-Odumu was not paid for the actual amount of time that she worked for Defendant.

23. Defendant did not pay Ms. Lincoln-Odumu based on the number of hours she actually worked.

24. Defendant willfully did not pay Ms. Lincoln-Odumu based on the number of hours she actually worked.

25. Each payment by Defendant to Ms. Lincoln-Odumu from three years from the filing of this Complaint to present day has not accurately reflected the amount of time Ms. Lincoln-Odumu actually worked.

### COUNT II –DC MINIMUM WAGE VIOLATION: FAILURE TO PAY TIME OVERTIME

26. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

27. In or October 2012, Defendant ordered Ms. Lincoln-Odumu not report any overtime hours that she worked.

28. In or about December 2013, Defendant ordered Ms. Lincoln-Odumu to only report a maximum of eight (8) hours of overtime using Defendant's Calculation Method in a bi-weekly period even if Ms. Lincoln-Odumu actually worked more than eight hours of overtime using Defendant's Calculation Method.

29. Defendant did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times her regular rate of pay for the hours she worked in excess of eighty (80) hours using Defendant's Calculation Method per two week period from October 2012 to December 2013

30. Defendant willfully did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times her regular rate of pay for the hours she worked in excess of eighty (80) hours using Defendant's Calculation Method per two week period from October 2012 to December 2013.

31. Defendant did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times her regular rate of pay for the hours she worked in excess of the maximum of eight (8) overtime hours she was ordered to report using Defendant's Calculation Method from December 2013 through present day.

32. Defendant willfully did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times regular rate of pay for the overtime hours she worked in excess of the maximum of eight (8) overtime hours she was ordered to report using Defendant's Calculation Method from December 2013 through present day.

33. Each payment by Defendant to Ms. Lincoln-Odumu from August 2012 to present day has not accurately reflected the amount of overtime Ms. Lincoln-Odumu actually worked.

## COUNT III – FLSA VIOLATION: FAILURE TO PAY TIME WORKED

34. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

35. Defendant ordered Ms. Lincoln-Odumu to submit false her time keeping records.

36. Defendant ordered Ms. Lincoln-Odumu to record the number of hours Ms. Lincoln-Odumu worked based on the number of sleep studies she reviewed, i.e. Defendant's Calculation Method.

37. Defendant did not record the accurate amount of time Ms. Lincoln-Odumu actually worked.

38. Due to Defendant's lack of accurate timekeeping, Ms. Lincoln-Odumu was not paid for the actual amount of time that she worked for Defendant.

39. Defendant did not pay Ms. Lincoln-Odumu based on the number of hours she actually worked.

40. Defendant willfully did not pay Ms. Lincoln-Odumu based on the number of hours she actually worked.

41. Each payment by Defendant to Ms. Lincoln-Odumu from three years from the filing of this Complaint to present day has not accurately reflected the amount of time Ms. Lincoln-Odumu actually worked.

## COUNT IV – FLSA WAGE VIOLATION: FAILURE TO PAY TIME OVERTIME

42. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43. In or October 2012, Defendant ordered Ms. Lincoln-Odumu not report any overtime hours that she worked.

44. In or about December 2013, Defendant ordered Ms. Lincoln-Odumu to only report a maximum of eight (8) hours of overtime using Defendant's Calculation Method in a bi-weekly period even if Ms. Lincoln-Odumu actually worked more than eight hours of overtime using Defendant's Calculation Method.

9

45. Defendant did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times her regular rate of pay for the hours she worked in excess of eighty (80) hours using Defendant's Calculation Method per two week period from October 2012 to December 2013

46. Defendant willfully did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times her regular rate of pay for the hours she worked in excess of eighty (80) hours using Defendant's Calculation Method per two week period from October 2012 to December 2013.

47. Defendant did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times her regular rate of pay for the hours she worked in excess of the maximum of eight (8) overtime hours she was ordered to report using Defendant's Calculation Method from December 2013 through present day.

48. Defendant willfully did not pay Ms. Lincoln-Odumu at a rate of one and a half (1.5) times regular rate of pay for the overtime hours she worked in excess of the maximum of eight (8) overtime hours she was ordered to report using Defendant's Calculation Method from December 2013 through present day.

49. Each payment by Defendant to Ms. Lincoln-Odumu from August 2012 to present day has not accurately reflected the amount of overtime Ms. Lincoln-Odumu actually worked.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Determine the damages sustained by Plaintiff as a result of Defendants' willful and intentional violations of the D.C. Minimum Wage Revision Act and the regulations promulgated thereto, and award unpaid overtime against Defendants in favor of Plaintiff,

plus an additional equal amount as liquidated damages pursuant to D.C. Code 32-1012b(b)(1) and former D.C. Code 32-1012(b)(1), plus such pre-judgment interest as may be allowed by law;

B. Determine the damages sustained by Plaintiff as a result of Defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award unpaid overtime against Defendants in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

C. Award Plaintiff her costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, investigators' fees, experts' fees, and other associated costs; and

D. Grant Plaintiff such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of facts raised by the Complaint.

Dated: August 12, 2015

                                                                                 Respectfully submitted,

                                                                      /s/ Denise M. Clark
                                                          Denise M. Clark, Esq. (420480)
                                                          Jeremy Greenberg, Esq. (1024226)
                                                          Clark Law Group, PLLC
                                                          1250 Connecticut Ave, N.W.
                                                          Suite 200
                                                          Washington, D.C. 20036
                                                          (202) 293-0015
                                                          dmclark@benefitcounsel.com
                                                          jgreenberg@benefitcounsel.com